## ESTATE OF SIMON HARMAN, DECEASED.

APPEAL BY M. A. HARMAN, GUARDIAN, FROM THE ORPHANS' COURT OF UNION COUNTY.

Argued May 14, 1890—Decided May 26, 1890.

1. Where land, devised to one who is an heir at law of the testator, is charged with a legacy payable after the death of a life-tenant to the testator's heirs at law, the devisee is himself entitled to a share with the other heirs on distribution thereof.
2. If one of such heirs at law has died intestate and indebted to the testator's estate, the share of the issue he may leave to survive him is chargeable with such indebtedness before they are entitled to share in such distribution.

Before STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 31 July Term 1890, Sup. Ct.; court below, No.——, March Term 1889, O. C.

To the number and term of the court below, Mary A. Harman presented her petition setting out the will of Simon Harman, deceased, duly admitted to probate October 18, 1875, and averring that Samuel Harman, one of the heirs at law of the said testator, had died intestate on December 15, 1886, leaving to survive him the petitioner, his widow, and one

daughter, Grace B. Harman, the said minor, for whom the petitioner was guardian; that Milton Hendricks had accepted the devise made in the will of said testator; that Sarah Harman, the widow of the testator, had died on August 21, 1888, and the legacy of $2,000, charged upon the land devised, remained unpaid to the testator's heirs at law; praying for a citation and a decree requiring the said Milton Hendricks to pay the said ward's share of said legacy, being the one fourth thereof.

The citation being awarded, the devisee and an executor of the testator filed answers averring in substance that said Milton Hendricks was himself one of the five heirs at law of the testator and entitled to one fifth of the legacy charged upon the land devised to him, he being the only issue of Henrietta Hendricks, deceased, a daughter of said testator; and that Samuel Harman, deceased, the father of petitioner's ward, was at the time of his death indebted to the estate of the testator in an amount greater than the share of the legacy which would have gone to him had he lived.

The cause being heard on petition and answers, the court, BUCHER, P. J., filed the following opinion:

This proceeding came on to be heard upon the petition, and the answers of the executors and the devisee, Milton Hendricks. From them we gather that Simon Harman, the testator, declares by his will:

"I give, devise and bequeath unto my grandson, Milton Hendricks, the farm upon which I now live, situate in Kelly township aforesaid, adjoining, . . . . upon the following conditions to wit: that he, the said Milton Hendricks, pay to my wife Sarah Harman, the sum of one hundred and twenty dollars, being the interest on two thousand dollars, bequeathed to her above, annually during her natural life, . . . . . and at her death, he, the said Milton Hendricks, shall divide the said two thousand dollars equally, share and share alike, to and among my heirs at law; the said two thousand dollars to be and remain a lien upon the said farm until all the foregoing conditions are complied with."

The widow of said testator, Sarah Harman, having died on August 21, 1888, and the said Milton Hendricks having ac-

ccpted the devise, and Samuel Harman, one of the heirs of said testators, having died on December 15, 1886, leaving as his only issue Grace B. Harman, a minor, and Mary A. Harman for her guardian, the latter seeks to enforce the payment of her ward's interest in said $2,000 as a lien on the land devised to the said Milton Hendricks, who is himself the son and only heir of Henrietta Hendricks, deceased, who was one of the children of said testator, Simon Harman, deceased.

The first question is, does the said Milton Hendricks in right of his mother, Henrietta Hendricks, deceased, come in as one of the heirs mentioned and intended by the said testators among whom the said $2,000 was to be equally divided on the death of the widow? The maxim is imbedded in the common law that an heir can be disinherited only by express devise or necessary implication, and that implication has been defined to be such a strong probability that an intention to the contrary cannot be supposed: Rupp v. Eberly, 79 Pa. 141; 1 Jarman on Wills, 464; McIntyre v. Ramsey, 23 Pa. 317. The devisee, Milton Hendricks, in right of his mother, Henrietta, deceased, is one of the testator's heirs at law, and, as he directs the $2,000 to be equally divided among his heirs at law, it is very clear that all who appear in that character are entitled to share. The fund was fixed at $2,000 to maintain the widow by its interest, and that is why the sum was rounded up at $2,000. We have no reason to think that his grandson was to be excluded from heirship, because he had devised him the land, charged as it is with this legacy.

The next question is, can the indebtedness of Joel and Samuel Harman to testator be set off against their shares in the $2,000; or rather, can they demand the aid of the Orphans' Court to recover their shares without first doing equity to it, paying what they owe the estate out of the fund demanded? And this seems settled in Thompson's App., 42 Pa. 345–357. In England, the heir cannot participate in the distribution until he pays a debt to the estate which is barred by the statute of limitation: Hughes's App., 57 Pa. 179; Earnest v. Earnest, 5 R. 213; McConkey v. McConkey, 9 W. 352; Manifold's Est., 5 W. & S. 340; Springer's App., 29 Pa. 208; Strong v. Bass, 35 Pa. 333. They cannot enforce payment of this charge until they allow a credit for what they owe the testator.

Now Grace B. Harman is the only surviving issue of Samuel Harman and claims in right of her father; and, as her father owed testator, as is alleged in the answers of the executor, Samuel Boyer, and Milton Hendricks, more than his interest in the $2,000, she, as his heir, is in no position to demand payment of the legacy charged. . . . . And we refuse, therefore, on the petition of the guardian of Grace B. Harman to make a decree for the payment of the said $2,000 charged on the land devised to Hendricks. The executors of the testator will have nothing to do with the legacy; they cannot demand it, nor can the legatees ask them for payment; only Milton Hendricks' land can be resorted to: Breden v. Gilliland, 67 Pa. 34; Downer v. Downer, 9 W. 60; Strickler v. Sheaffer, 5 Pa. 240; Miltenberger v. Schlegel, 7 Pa. 241.

It must be observed, also, that testator directs that upon the death of his widow the house and lot and furniture provided for her are to be sold, and the proceeds divided among his living children, Samuel, Joel, Sarah Benfer and Barbara Beaver. His grandson, Milton Hendricks, is excluded, showing that the devise of the land was deemed his share. Now then, what Milton Hendricks owes of the $2,000 charged on the land, is divisible among Susan Benfer, Barbara Beaver and Milton himself; i. e. he owes two thirds and retains one third himself. This can be adjusted among the distributees; and, as no one entitled to a share of the fund asks for a decree to enforce payment, we must dismiss the rule. And now, September 16, 1889, the rule is discharged at the costs of the petitioner; exception.

—Thereupon, the petitioner took this appeal, specifying that the court erred in dismissing her petition and refusing the relief prayed for.

*Mr. A. H. Dill* (with him *Mr. E. M. Beale*), for the appellant.

That under the will Grace B. Harman took per capita, counsel cited: Pleasonton's App., 99 Pa. 362; Hoover v. Hoover, 5 Pa. 351; Bacon's App., 57 Pa. 504; Roland v. Miller, 100 Pa. 47; Bender's App., 3 Gr. 210. That the devisee was not to share in the legacy charged: Hart v. Homiller, 20 Pa. 251; Zerby v. Zerby, 9 W. 234.

Statement of Facts.

*Mr. Samuel H. Orwig* (with him *Mr. J. Thompson Baker*), for the appellees.

Counsel cited: Buzby's App., 61 Pa. 111; Porter's App., 45 Pa. 201; Eby's App., 50 Pa. 314.

PER CURIAM:

For reasons given in the opinion of the learned president of the Orphans' Court, we think there was no error in dismissing appellant's petition. Neither of the specifications of error is sustained.

> Decree affirmed, and appeal dismissed, at the costs of appellant.

